# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff/Respondent,**

**v.**                                                        **Case No. 03-20156-JWL**
                                                                        **05-3090-JWL**

**Seneca Williams,**

       **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On October 16, 2003, Mr. Williams was charged in a two-count indictment with possession with intent to distribute crack cocaine and distribution of crack cocaine. On December 15, 2003, Mr. Williams pled guilty before the late Judge G. Thomas VanBebber to Count 1 of the indictment. In the plea agreement executed by Mr. Williams, he waived his right to appeal the sentence imposed or challenge it through collateral attack. On March 8, 2004, the court sentenced Mr. Williams to a 100-month term of imprisonment. Judgment was entered the following day.

On February 23, 2005, Mr. Williams filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 23). Upon the death of Judge VanBebber, this matter was assigned to the undersigned judge. In his motion, Mr. Williams asserts, among other things, that he received ineffective assistance of counsel in that his counsel failed to file a notice of appeal despite Mr. Williams' specific request that his counsel do so. In response to Mr. Williams' motion, the government filed a motion to enforce Mr. Williams' plea agreement and waiver of rights.

On June 21, 2005, the court directed the United States to show good cause in writing why its motion to enforce the plea agreement should not be denied and/or why an evidentiary hearing should not be scheduled in light of the Tenth Circuit's decision in *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005) and Mr. Williams' assertion that he asked his attorney to file a notice of appeal. In *Garrett*, the defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 asserting that his counsel was ineffective in several respects, including failing to file an appeal despite the defendant's specific request that his counsel file a notice of appeal. 402 F.3d at 1264. The government opposed the motion on the grounds that the defendant, in his plea agreement, had waived his right to appeal. *See id.* The district court denied the defendant's § 2255 motion on the grounds that the defendant's counsel could not "be faulted for failing to file a notice of appeal when the defendant had expressly waived his appellate rights" in connection with the plea agreement executed by the defendant. *Id.*

The Tenth Circuit granted a certificate of appealability (COA) on the issue of "whether counsel for defendant was ineffective for failing to file a Notice of Appeal where defendant had knowingly and willingly waived his right to appeal in a plea agreement." *Id.* In resolving the COA question, the Circuit began by reviewing the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), in which the Court held that a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable and that, in such circumstances, a defendant is entitled to appeal without a showing that his appeal likely would have had merit. *Id.* at 1265 (citing *Flores-Ortega*, 528 U.S. at 477-78).

The Circuit then examined the waiver executed by Mr. Garrett and noted that while the

defendant's appellate rights had been "significantly limited" by his waiver, the waiver did not foreclose all appellate review of his sentence. *Id.* at 1266-67 (citing *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) ("a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court")). The Circuit thus held that if the defendant actually asked his counsel to perfect an appeal and his counsel ignored his request, he would be entitled to a delayed appeal "regardless of whether . . . it appears that the appeal will not have any merit." *Id.* at 1267; *accord United States v. Snitz*, 342 F.3d 1154, 1157 (10th Cir. 2003) (when courts find that a requested appeal has not been taken, they do not consider the merits of arguments that the defendant might have made on appeal). Finally, the Circuit explained that any resulting criminal appeal would initially be evaluated in light of the defendant's waiver. 402 F.3d at 1267. Ultimately, then, the Circuit vacated the district court's order and remanded the case for a hearing to determine whether the defendant requested counsel to file a notice of appeal. *Id.*

In response to the order to show cause issued in this case, the United States asserts that *Garrett* is distinguishable from the facts here because the United States in *Garrett* did not argue that the defendant's waiver barred a § 2255 motion based on counsel's failure to file a requested appeal. *See id.* at 1266 n.5. By contrast, the United States in this case does contend that Mr. Williams' waiver bars his claim that his counsel failed to file a requested appeal. The distinction asserted by the United States is irrelevant and does not render *Garrett* inapplicable. While the Tenth Circuit noted in *Garrett* that the government had not argued that the defendant's waiver covered a § 2255 motion based on counsel's failure to file a requested appeal, the Circuit indicated that it would have rejected that argument in any event, stating that the "plain language of

3

the [defendant's] waiver does not address the type of claim he has raised." *See id.* at 1266 n.5 (citing *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004) (appeal waivers are strictly construed and any ambiguities in such agreements will be read against the government and in favor of a defendant's appellate rights). As in *Garrett*, the plain language of Mr. Williams' waiver does not address the type of claim that he has raised and, thus, the claim is not precluded by the waiver.

In the alternative, the United States asserts that Mr. Williams' claim that his counsel failed to file a requested appeal must fail for lack of credible evidence. Specifically, the United States highlights that Mr. Williams' assertion has been contradicted by the affidavit of Mr. Williams' counsel, who avers that Mr. Williams did not ask him or direct him to file a notice of appeal at any time. Of course, the conflicting assertions of Mr. Williams and his counsel present a factual issue that must be resolved at an evidentiary hearing. *See id.* at 1266-67 (court must hold evidentiary hearing where parties recount different versions of whether defendant requested his attorney to file a notice of appeal). If, after the hearing, the court determines that Mr. Williams did in fact request that his counsel file a notice of appeal, then Tenth Circuit authority dictates that he is entitled to a delayed direct appeal of his criminal sentence. In the meantime, the court retains under advisement all claims asserted by Mr. Williams in his § 2255 motion as well as the United States' motion to enforce the plea agreement and waiver of rights.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Williams' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 23) is retained under

advisement and the United States' motion to enforce Mr. Williams' plea agreement and waiver of rights (doc. 25) are retained under advisement pending an evidentiary hearing that will be scheduled by separate order.

**IT IS SO ORDERED** this 9th day of November, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
